IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IVAN XAVIER ESPARZA, (TDCJ-CID #1396630) | § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION H-14-1038 |
| WILLIAM STEPHENS, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Ivan Xavier Esparza, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction. The respondent moved for summary judgment on the ground that Esparza filed the petition too late. (Docket Entry No. 11). The respondent also filed a copy of the state court record. Esparza filed a response. (Docket Entry No. 14).

Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, the court denies the respondent's motion. The reasons are set out below.

**I.     Background**

A jury found Esparza guilty of aggravated robbery. (Cause Number 1021509). On September 20, 2006, the jury sentenced Esparza to a 55-year prison term. The First Court of Appeals affirmed his conviction on November 8, 2007. He filed an application for state habeas corpus relief on March 13, 2009, which the Texas Court of Criminal Appeals denied without written order on March 12, 2014.

On April 16, 2014, this court received Esparza's federal petition. The petition was filed when Esparza tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain*,

149 F.3d 374, 378 (5th Cir. 1998). The court presumes that Esparza deposited his federal petition in the prison mail on the date he signed it, April 9, 2014. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998). Esparza contends that his conviction is void because his attorney rendered ineffective assistance at trial and on appeal and because the evidence was insufficient. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

The threshold issue is whether Esparza filed his petition too late to permit this court to consider his claims.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

The limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Esparza's conviction became final when the time for filing a petition for discretionary review expired. The First Court of Appeals affirmed Esparza's conviction on November 8, 2007, giving him 30 days, or until December 7, 2007, to file a petition for discretionary review (PDR). TEX. R. APP. P. 68.2(a). The Texas Court of Criminal Appeals granted Esparza an extension until February 8, 2008 to file his PDR. Esparza states that he placed his PDR in the prison mail system February 8, 2008. He submits a docket sheet from the First Court of Appeals showing that a PDR was filed on February 13, 2008. (Docket Entry No. 14, Petitioner's Response, App'x A, p. 12). The Texas Court of Criminal Appeals dismissed Esparza's PDR on March 19, 2008, because it was filed too late. (Docket Entry No. 14, Petitioner's Response, App'x B, p. 16).

Esparza states:

> On February 8, 2008, Petitioner placed in the prison mailbox his Petition for Discretionary Review, addressing it to the First Court of Appeals, Houston, Texas. The First Court of Appeals filed the PDR on February 13, 2008. (Appendix A). Pursuant to the *Texas Rules of Appellate Procedure,* 68.3(a), the petition (PDR) and all copies of the petition must be filed with the clerk of the Court of Criminal Appeals. Moreover, Rule 68.3(b) states that if a petition is mistakenly filed in the court of appeals, the petition is deemed to have been filed the same day with the clerk of the Court of Criminal Appeals. and the court of appeals clerk must immediately send the petition to the clerk of the Court of Criminal Appeals.

> With the prison mailbox rule in play, the Petitioner timely filed his PDR by the February 8, deadline, which was a Friday, and prison mail not being collected until Monday February 11, added three days to the tolling process; and albeit to the wrong address, but nonetheless, an address that is required to accept the PDR and note that it has been timely filed. The Clerk for the First Court of Appeals was required to "immediately send the petition to the clerk of the Court of Criminal Appeals," but this was obviously not done, since the records for the Court of Criminal Appeals show a filing date March 18, 2008. (Appendix B). The Court of Criminal Appeals dismissed Petitioner's PDR arbitrarily and with impunity without reviewing the record. Petitioner diligently filed on time, working pro se in the limited, hostile and un-resourceful atmosphere of the prison law library.

(Docket Entry No. 14, pp. 2-3).

Esparza argues that his conviction became final when the time for filing a petition for a writ of *certiorari* expired, 90 days after the Texas Court of Criminal Appeals denied review. Supreme Court Rule 13.1 (West 2002). The Texas Court of Criminal Appeals dismissed Esparza's petition for discretionary review on March 19, 2008. Esparza's deadline for filing a petition for a writ of *certiorari* was June 17, 2008. Using this date, the limitations period ended one year later, on June 17, 2009.

A properly filed application for state postconviction relief extends the limitations period. 28 U.S.C. § 2244(d)(2) (West 1997). The one-year federal limitations period began on June 17, 2008. Esparza waited 269 days, or until March 13, 2009, before filing his state habeas application. The Texas Court of Criminal Appeals denied Esparza's application on March 12, 2014. When the Texas Court of Criminal Appeals denied Esparza's application, 96 days of the one-year federal limitations period remained. That period ended on June 16, 2014. Esparza filed his federal petition on April 9, 2014, within the limitations period.

III.     **Conclusion and Order**

The respondent's motion to dismiss, (Docket Entry No. 11), is denied. The respondent must file an answer, dispositive motion, or other responsive pleading no later than July 15, 2015. The respondent must forward a copy to Esparza. Under Rule 12(c), FED. R. CIV. P., if the respondent relies on matters outside the pleadings in seeking dismissal, <u>the motion should be a motion for summary judgment</u>.

The respondent's answer must contain:

(a) a statement of the authority by which Esparza is held, and if held under the judgment of any court(s) the name of such court(s) and the number and style of the case(s) in which same were entered;

(b) the offense(s) and sentence(s);

(c) a specific response to each factual allegation and legal contention with applicable authority;

(d) a statement as to whether Esparza has exhausted all state remedies, either by appeal or collateral attack; and

(e) a statement indicating what transcripts of pretrial, trial or plea, sentencing and post-conviction proceedings are available (or which may later be available) and when they can be furnished, and what proceedings have been recorded and not transcribed.

The respondent's answer must include the following documents relating to the conviction(s) of the state court which Esparza attacks:

(a) copies of the indictment(s), judgment(s), sentence(s), and order(s) under which Esparza is being held;

(b) if Esparza appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of Esparza's brief on appeal and a copy of the judgment(s) on appeal, the statement of facts on appeal, the opinion(s) of the appellate courts or a reference to where it or they may be found in the reports;

(c) if Esparza has collaterally attacked the judgment of conviction or order in a post-conviction proceeding, a copy of Esparza's application for collateral relief including all answers and judgments rendered as a result; and

(d) a copy of only such portions of the transcripts the respondent considers relevant for the proper resolution of this action.

<u>Esparza is ordered to file a response to any dispositive motion the respondent files, within thirty (30) days. Esparza's failure to file a response within thirty days may result in dismissal of this action for want of prosecution. Rule 41(b), FED. R. CIV. P.</u>

Each party must serve the other party, or counsel, with a copy of every pleading, letter, or other document sent to the court. Service is to be by mail. Every pleading or document filed with the Clerk of Court must include a signed certificate stating the date the pleading or document was mailed and to whom it was sent. Any pleading or other document received by the Clerk that fails to include the certificate of service will be returned to the submitting party. Failure to mail a copy of the pleadings may subject the party to sanctions by the court.

There will be no direct communications with the U.S. District Judge or Magistrate Judge. Communications must be sent to the Clerk of Court, with copies to the other party.

Esparza's motion for the appointment of counsel, (Docket Entry No. 13), is denied.

SIGNED on May 8, 2015, at Houston, Texas.

                                                Lee H. Rosenthal
                                         United States District Judge